**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
  E-Mail: John.Barber@lewisbrisbois.com
JOHN HAUBRICH, JR., SB# 228341
  E-Mail: John.Haubrich@lewisbrisbois.com
BRYAN M. LEIFER, SB# 265837
  E-Mail: Bryan.Leifer@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants MANUEL GRAIWER, GARY KAPLAN, and BORIS VERNIK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN REINER,<br><br>    Plaintiff,<br><br>vs.<br><br>MANUEL GRAIWER, GARY KAPLAN, TOM REDMOND, SUSAN KAPLAN, BORIS VERNIK, RICHARD SHAPIRO, RONNIE CAPLANE, RICK DIETRICH, JAYNE KIM, KATHERINE KINSEY, MICHAEL GLASS, SHERELL MCFARLANE, PATRICE MCELROY, JOANN REMKE, JUDITH EPSTEIN, CATHERINE PURCELL, JAMES FOX, ROBERT HAWLEY, HEATHER ROSING, DANIEL DEAN, MICHAEL COLANTUONO, JANET BREWER, GLENDA CORCORAN, TERRENCE FLANIGAN, CRAIG HOLDEN, MIRIAM KRINSKY, RENEE LABRAN, GWEN MOORE, DENNIS MANGERS, JOANNA MENDOZA, DANETTE MYERS, DAVID PASTERNAK, DAVID TORRES, HERNAN VERA, TANI CANTIL-SAKAUYE, MING CHIN, MARVIN BAXTER CAROL CORRIGAN, KATHLYN WERDEGAR, GOODWIN LIU, CALIFORNIA DEPARTMENT OF INDUSTRIAL RELATIONS, CALIFORNIA STATE BAR, and DOES 1 through 1000, inclusive,<br><br>    Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441(a), AND 1446 (FEDERAL QUESTION)**<br><br>LASC Case Number: BC593351 |

4849-8226-7177.1

1

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (Federal Question)

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants MANUEL GRAIWER, GARY KAPLAN, and BORIS VERNIK ("Defendants") by and through their counsel, remove to this Court the civil action in the Superior Court of the State of California for the County of Los Angeles, Central District, titled *Martin Reiner, Plaintiff vs. Manuel Graiwer, Gary Kaplan, Tom Redmond, Susan Kaplan, Boris Vernik, Richard Shapiro, Ronnie Caplane, Rick Dietrich, Jayne Kim, Katherine Kinsey, Michael Glass, Sherell McFarlane, Patrice McElroy, Joann Remke, Judith Epstein, Catherine Purcell, James Fox, Robert Hawley, Heather Rosing, Daniel Dean, Michael Colantuono, Janet Brewer, Glenda Corcoran, Terrence Flanigan, Craig Holden, Miriam Krinsky, Renee Labran, Gwen Moore, Dennis Mangers, Joanna Mendoza, Danette Myers, David Pasternak, David Torres, Hernan Vera, Tani Cantil-Sakauye, Ming Chin, Marvin Baxter Carol Corrigan, Kathlyn Werdegar, Goodwin Liu, California Department of Industrial Relations, California State Bar, and Does 1 through 1000, inclusive, Defendants*, Case No. BC 593351, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441(a), 28 U.S.C. § 1446, and 28 U.S.C. § 1367(a) as follows:

## I. GROUNDS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

1. On September 3, 2015, Plaintiff Martin Reiner, in *pro se*, filed his original complaint in the Los Angeles County Superior Court. (*See* Exhibit 1). Plaintiff asserts four causes of action: (1st COA) Violation of 42 U.S.C. § 1983; (2nd COA) Violation of 42 U.S.C. § 1985(2); (3rd COA) "The Intentional Infliction of Emotional Distress"; (4th COA) "Equity by Declaratory and Injunctive Relief." (Compl. ¶¶ 63-68).

2. On September 18, 2015, Plaintiff filed his first amended complaint, which contained the identical four causes of action of the original complaint. (First Amended Complaint "FAC" at ¶¶ 63-68). (*See* Exhibit 2).

3. The FAC did not add any new defendants, and the allegations are

entirely identical to the original complaint, with the exception of a newly added monetary demand of "$2,268,000.00 in emotional distress and compensatory damages." (FAC ¶ 66).

4. Neither the original complaint nor the first amended complaint were served, and plaintiff did not file a proof of service with the Los Angeles Superior Court as to the original complaint or the FAC. (*See* Exhibit 3 – Los Angeles County Superior Court docket).

5. The basis for removal is that this Court has original jurisdiction of this action under 28 U.S.C. § 1331 because the FAC alleges two causes of action "arising under the Constitution, laws, or treaties of the United States." This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1441(b), and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2).

6. The other causes of action and bases for relief asserted by Plaintiff in this action arise out of the same set of facts and are part of the same case and controversy involving the alleged conduct against Plaintiff, so that this Court has supplemental jurisdiction of them within the meaning of 28 U.S.C. § 1367(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(1) and 1446.

## II. PROCEDURAL GROUNDS FOR REMOVAL ARE MET

8. The original complaint and the FAC have not been served, and therefore this removal notice is timely filed, given the 30 deadline for removing to federal court has not yet commenced. (*See* Exhibit 3 – LASC Docket indicating no filing of a proof of service.)

9. Federal Rules of Civil Procedure, Rule 6(a) provides that in computing any period of time prescribed or allowed by any applicable statute, the last day of a

period shall be included, unless it is a Saturday, in which case the event period runs until the end of the next day which is not Saturday, Sunday, or a legal holiday -- applies to the time limitation specified in 28 USC § 1446(b) relating to removal of case to federal court. *Johnson v Harper* (1975, E.D. Tenn.) 66 FRD 103, 20 FR Serv 2d 928. This notice of removal is filed within the thirty (30) day time limit for removal set forth in U.S.C. § 1446(b)(3).

10. Pursuant to 28 U.S.C. § 1446(A), Defendants file with this Notice all process, pleadings, and orders served on Defendants or served or filed by Defendants.

11. The other Defendants have not been served, and therefore their consent to removal is not required. *See Emrich v. Touche Ross & Co.*, 846 F2d 1190, 1193 n.1 (9th Cir. 1988) (the requirement for consent applies "only to defendants properly joined and served in the action").

12. Written notice of this Notice of Removal will be promptly filed with the Los Angeles County Superior Court.

### III. RELATED FEDERAL CASES

13. Plaintiff is a serial litigant who has filed a litany of frivolous lawsuits in state and federal court. Plaintiff filed a prior civil rights complaint in federal court, and then filed a notice of appeal, along with a request to proceed in forma pauperis. Judge John F. Walter denied that request noting that "Plaintiff's appeal is frivolous." *See* Exhibit 4.

14. In another federal disciplinary case, Chief Judge George H. King ordered Plaintiff suspended from practicing law in the Central District of California. *See* Exhibit 5.

### IV. CONCLUSION

By this Notice of Removal and the associated attachments, Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defense or objection they may have to this action. Defendants do not intend any

1 | admission of fact, law or liability by this Notice of Removal, and expressly reserve
2 | all defenses, motions, and/or please.  Defendants pray that Plaintiff's action be
3 | removed to the United States District Court, that all further proceedings in the
4 | California Superior Court by stayed, and that Defendants receive all relief to which
5 | they are entitled.

6 | DATED: September 28, 2015         LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
John L. Barber
John Haubrich, Jr.
Bryan M. Leifer
Attorneys for Defendants MANUEL GRAIWER, GARY KAPLAN, and BORIS VERNIK

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-8226-7177.1
5
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (Federal Question)